*Underwood, for appellant.*

*Rodman, for appellee.*

---

### J. A. McGEHEE ET AL *v.* JOHN K. DITTO ET AL.

**Personal Property—Descent and Distribution—Remainders—Rights of Distributees.**

Extenuating circumstances, as to the forfeiture of the whole price received from the sale by a legatee, where there is a remainder interest, in the property, may arise so as not to deprive him of that part of the use of which would have inured to his benefit.

**Same.**

Money so received from such a sale, should be apportioned between the heirs according to their relative and respective rights, the value of the life estate therein ascertained by the established rule for computation, according to the American Life and Annuity tables.

APPEAL FROM MEADE CIRCUIT COURT.

October 14, 1868.

OPINION OF THE COURT BY JUDGE HARDIN:

The appellants, James A. McGehee, Joseph M. Phillips and Ann M. Phillips, his wife, and Adison C. McGehee, brought this suit in equity against John K. Ditto, Ferdinand M. McGehee and

William C. McGehee, alleging in substance that said James A. and Adison C. McGehee and Ann M. Phillips, and said Ferdinand M. and William C. McGehee were the brothers and sisters of Elizabeth Ditto, deceased, late McGehee, and as such were her heirs at law. That said Ditto, as surviving husband of said Elizabeth, was in 1864 in possession of two slaves named Sally and Scott, which by reason of his marriage and the death of his wife belonged to him as tenant for life, and the estate in remainder was vested in her said brothers and sisters, she having no bodily heirs. They further alleged that in 1864 said Ditto sold the slaves Scott and Sally, and received for them about $1,150. And by an amended petition they further alleged that said Ditto permitted the slaves to be removed out of this State without the consent of the owners in remainder, and that he put him in the Federal army as a substitute soldier, and that as such Scott was taken out of the State with said Ditto's consent. The plaintiffs therefore sought to recover against Ditto a judgment for the amount he received for the slaves.

The defendant Ditto by his answer admitted that he received $900 for the services of Scott for one year from one Richardson, who used him as a substitute, and that he gave Scott $50 of the money, and that he sold or hired said Sally to Armstrong, conditionally for a term of two years for $200, but he denied the alleged absolute sale and conversion of the slaves, or that he permitted or caused Scott to be taken out of the State.

The court dismissed the plaintiffs' petition, and they have appealed to this court.

It sufficiently appears that the appellants James McGehee, Ann M. Phillips and Adison C. McGehee, and said Ferdinand M. McGehee, were the half brothers and sisters of said Elizabeth Ditto, and that said William C. McGehee was her brother of the whole blood, and that they and her mother, Eliza McGehee, were as heirs of said Elizabeth, the owners of the slaves in remainder according to the relationship they respectively bore to her.

It seems to us, also, that the disposition made of the slave Scott was equivalent to an absolute sale for $850, and was a substantial conversion of the estate in him in remainder, but at a time when the property in him as a slave had, in consequence of the civil war, become prospectively of little or no value; and for that and other reasons appearing in the record, we do not regard the transaction

as such a violation of the provisions of the 9th section of article 1 of chapter 93 of the Revised Statutes, as should operate to forfeit to the owners of the slaves in remainder the whole amount received for him; but under all the circumstances the money so realized should be equitably apportioned between them and the defendant Ditto, according to their relative and respective rights; the value of said defendant's life estate in said $850 realized by him, being ascertained by the established rule for computing the value of a life estate and annuity, according to the American life and annuity tables.

As to the money received for the slave Sally, it does not appear to us that the plaintiffs manifested any right of recovery, as the transaction with Armstrong is not shown to have been more than a hiring of the slave for two years which expired during the continuance of the life estate.

But for the errors we have indicated in regard to the proceeds of the slave Scott, the judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

*Alexander & Kincheloe,* for appellants.

*Walker,* for appellees.